UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CALVIN MORGAN,

                            Petitioner,

    -against-

ROBERT ERCOLE,

                            Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
CV-06-3716 (CBA)

**AMON, United States District Judge.**

## INTRODUCTION

Petitioner Calvin Morgan filed a motion for *habeas corpus* raising claims concerning the sufficiency of the evidence, the excessiveness of his sentence and the ineffectiveness of both trial and appellate counsel. For the reasons stated below, his claims do not warrant *habeas* relief and his petition is denied.

## BACKGROUND

Trial Evidence

On January 28, 1997, Morgan, acting together with his codefendant Reggie Lawrence, robbed cab driver Joseph Francois of twelve dollars. During the course of the robbery, Lawrence shot Francois in the face. Francois drove himself to the hospital where he died as a result of his injury on February 3, 1997. On February 2, 1997, Morgan and Lawrence, who was armed with a gun, stole a jacket, a watch and a bracelet from Brian Phillips, a pedestrian on the street. For the above crimes, Morgan was charged with murder in the second degree, three counts of robbery in the first degree, two counts of robbery in the second degree, and one count each of criminal

possession of a weapon in the second and third degrees. Following trial, Morgan was convicted of murder in the second degree and robbery in the first degree.

Defendant provided police with a written and videotaped statement detailing his involvement in these crimes. Specifically, defendant confessed that he and Lawrence had "talked about bagging a cab driver" and each had "asked Linda to flag down a cab." Morgan stated that Lawrence "pulled a gun and told the driver to give up the fucking money" and after taking the money, Reggie "shot the cab driver." Morgan further confessed to going to his cousin Jay's home that evening to exchange the gun, and "Reggie gave Jay the Tre-8." Lastly, Morgan stated that "The next day, Linda came up to both of us and said you all shot the cab driver. Linda didn't know we were going to rob that cab driver." In the videotaped statement, Morgan also noted that Lawrence always carried the gun. A murder weapon was later discovered at the home of Morgan's cousin.

In addition to Morgan's confession, the People called as a witness Linda Eccelston. Eccelston was a woman previously familiar with Morgan and his codefendant. She testified that on the day of the incident, they approached her and asked her to flag down Francois' cab. She later provided police with Morgan's name as an individual involved with the robbery and days later pointed him out to police on the street by noting his location and providing a description of his clothing. Ultimately, Eccelston testified at trial as to her interactions with Morgan on the night of the incident and with the detectives conducting the investigation in the days that followed.

Morgan was convicted of second-degree murder for the felony murder of Joseph Francois and first-degree robbery for the robbery of Brian Phillips. At his sentencing, Morgan also pled guilty to committing attempted robbery in the first degree on February 3, 1997. He was

sentenced to an aggregate indeterminate period of imprisonment for a term of forty-five years to life.

Appeal

Morgan appealed his conviction challenging the sufficiency of the evidence supporting his felony-murder and robbery convictions and complaining about the excessiveness of his sentence. His conviction was affirmed by the Appellate Division. People v. Morgan, 780 N.Y.2d 291 (2d Dep't 2004), and leave to appeal to the New York Court of Appeals was denied. People v. Morgan, Certificate Den. Leave (N.Y. Nov. 29, 2004).

State Collateral Proceedings

Morgan filed a motion pursuant to CPLR 440 in New York Supreme Court claiming ineffective assistance of trial counsel for failing to pursue a claim at pretrial hearings and at trial that there was no probable cause for his arrest. The Supreme Court denied Morgan's motion to vacate the judgment, People v. Morgan, Decision and Order (N.Y. Sup. Ct. May 11, 2006), and the Appellate Division denied leave to appeal. Morgan then followed with a motion to renew his motion to vacate the judgment of conviction in the Supreme Court citing a new claim of error for ineffective assistance of trial counsel for failure to seek dismissal of the indictment due to improper joinder. This motion was denied by the Supreme Court of New York for failure to meet the requirements of a motion to renew under CPLR § 2221, and, in the alternative, for failure to raise the issue in his initial motion to vacate the judgment under CPL § 440.10(3)(c). People v. Morgan, Decision and Order (N.Y. Sup. Ct. Sept. 27, 2007). Morgan's application to the Appellate Division seeking leave to appeal from the denial of his motion to renew his motion to vacate judgment was also denied.

Habeas Proceedings in This Court

In his original *habeas* application to this court, dated July 19, 2006, Morgan claimed that (1) his conviction for the felony-murder of Joseph Francois was not supported by legally sufficient evidence or by the weight of the evidence; and (2) that his aggregate sentence of forty-five years to life was harsh and excessive and deprived him of his constitutional protection from the imposition of cruel and unusual punishment. In response to a motion to amend his petition, this court issued a November 16, 2006 order requiring Morgan to indicate the additional information to be included and the grounds supporting amendment by December 1, 2006. Morgan filed an amended petition dated November 28, 2006, raising the additional claims of ineffective assistance of trial counsel based on failure to request a Mapp-Dunaway hearing, failure to cross-examine witnesses regarding probable cause, and failure to conduct a proper investigation.

On March 8, 2007, this Court granted petitioner's request for an abeyance to permit him to file a writ of error *coram nobis* to challenge the effectiveness of appellate counsel. He thereafter filed a writ of error *coram nobis* in the Appellate Division alleging that appellate counsel was ineffective for failure to raise the claim of ineffective assistance of trial counsel on direct appeal. The Appellate Division, Second Department denied Morgan's application, see People v. Morgan, 43 A.D.3d 1185 (N.Y. App. Div. Sept. 25, 2007), and the New York Court of Appeals denied petitioner's application for leave to appeal.

This Court thereafter granted defendant's motion to amend his petition on May 16, 2008. This order directed Morgan to file his amended petition outlining his new claims by June 9, 2008. Morgan filed an "Amend petition" dated May 26, 2008, but this petition did not raise any additional claims; instead it alleged only the two issues claimed in his original petition: (1) insufficiency of the evidence and (2) harsh and excessive sentence.

## DISCUSSION

I. **AEDPA Standard of Review**

The majority of Morgan's claims were adjudicated on the merits in state court. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary" where the state court decision is "substantially different from the relevant precedent of this Court" or the state court applies "a rule that contradicts the governing law set forth in our cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). The Second Circuit has interpreted § 2254(d)(1) in light of Supreme Court precedent and held that "to permit habeas relief under the 'unreasonable application' phrase, a state court decision must be not only erroneous but also unreasonable. Some increment of incorrectness beyond error is needed." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000). The Second Circuit also cautioned "that the increment need not be great; otherwise, habeas relief would be limited to state court decisions so off the mark as to suggest judicial incompetence." Id. (internal quotation omitted).

In addition, the factual findings by the trial court are presumed to be correct. See 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be

5

presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

## II. Legal Sufficiency and Weight of the Evidence

Morgan argues that his conviction for felony-murder was not supported by legally sufficient evidence nor by the weight of the evidence. Each of these assertions fails.

Evidence of a crime is legally sufficient if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). Jackson imposes a "heavy burden" on a *habeas* petitioner challenging the legal sufficiency of his state court conviction. Einaugler v. Supreme Court of New York, 109 F.3d 836, 840 (2d Cir. 1997). After considering the evidence in the light most favorable to the government, the Appellate Division's finding that the trial evidence was legally sufficient to support defendant's conviction is not contrary to or an unreasonable application of the principles of Jackson. See United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996). The evidence provided, in the form of witness testimony and Morgan's inculpatory statements about the robbery and resulting shooting, is sufficiently compelling that any rational trier of fact could have found the essential elements of the crime of felony murder.

To the extent that Morgan argues there was no showing that he intended to commit murder, he is mistaken as to the elements that comprise the crime of felony murder. Under New York Penal Law, a felony murder is committed when a person, acting alone or in concert with others, commits or attempts to commit a felony and "in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants." N.Y. Penal Law § 125.25[3]. "Felony

murder differs from other homicides in that it does not require a *mens rea* directly relating to the death. Instead, '[b]y operation of law, the intent necessary to sustain a murder conviction is inferred from the intent to commit a specific, serious, felonious act, even though the defendant, in truth, may not have intended to kill.'" People v. Stokes, 671 N.E.2d 1260, 1262 (N.Y. 1998)(internal citations omitted). Although it may be true that the evidence does not support a finding of intent to murder Francois on the part of Morgan, intent is not an element of felony murder. The record evidence indicates that Morgan, while acting in concert with Lawrence whom Morgan knew was armed, committed the felony of robbery, and in furtherance of that crime or in flight from it, Lawrence caused the death of Francois. That is sufficient.

Finally, petitioner also argues that the conviction was against the weight of the evidence. Such a claim is not cognizable on federal *habeas* review. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

Thus, Morgan's claim of legal insufficiency fails on the merits.

### III. Harsh and Excessive Sentencing

Morgan argues that his sentence was harsh and excessive. This claim also fails to demonstrate a constitutional violation. The Second Circuit has held that no federal constitutional issue is raised where, as here, the sentence imposed is within the range prescribed by state law. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Morgan was adjudicated a second violent felony offender and sentenced to consecutive terms of imprisonment of twenty-five years to life for the murder conviction, ten years for the robbery conviction, and ten years for the attempted robbery conviction. Each sentence falls within the statutorily permissible range of sentences as proscribed by statute, with two falling below the maximum sentence permitted. See N.Y. Penal Law § 70.00(2)(a), (3)(a)(i) (fifteen to

twenty-five years to life for a conviction for second degree murder); N.Y. Penal Law § 70.04(3)(a) (ten to twenty-five years for a second violent offender convicted of a Class B felony such as first-degree robbery); N.Y. Penal Law § 70.04(3)(b) (seven to fifteen years for a second violent offender convicted of a Class C felony such as attempted first-degree robbery). The sentencing court also had discretion to impose consecutive sentences where the crimes committed were separate and distinct acts. N.Y. Penal Law § 70.25(2); see also People v. Laureano, 87 N.Y.2d 640, 643 (1996). Petitioner was sentenced for three distinct crimes: felony murder of Francois, robbery of Phillips, and attempted robbery committed a day later.

Thus, because each of Morgan's sentences falls within the permissible statutory range for the crimes committed and they were properly imposed to run consecutively, defendant fails to present a federal constitutional issue that warrants *habeas corpus* relief.

### IV. **Ineffective Assistance of Trial Counsel**

#### a. **Probable Cause Objections**

Morgan further argues that he was denied effective assistance of trial counsel because counsel (1) did not request a Mapp-Dunaway hearing; (2) did not effectively cross-examine the People's witness at trial concerning the issue of probable cause; and (3) failed to conduct a proper investigation of the adequacy of the detective's investigation.[1] Petitioner's contentions fail on the merits.

Upon applying AEDPA deference to the Supreme Court's decision denying Morgan's collateral state claim for ineffective assistance of trial counsel for failure to challenge probable cause, this court finds federal *habeas* relief is not warranted. This Court must uphold a state

---

[1] Petitioner raised these grounds for ineffective assistance of trial counsel in his state court motion to vacate the judgment as well as in his federal court Amended Petition for habeas corpus, dated November 29, 2006. Although petitioner neglected to cite this claim in his May 28, 2008 Amended Petition, this court, in an abundance of caution, is addressing the claim with the assumption that petitioner intended the claim to extend to his second amended petition as well.

court's decision unless the decision is "contrary to or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1). Here, the state court's decision denying petitioner's claim according to New York standards was not contrary to Strickland v. Washington.

Nor was it an unreasonable application of Strickland. To prevail on a claim of ineffective assistance of counsel under federal law, Morgan must demonstrate both that his counsel performed deficiently and that the deficiency caused actual prejudice. Strickland, 466 U.S. at 687; Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005). Here, no showing has been made that trial counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms" nor did petitioner demonstrate any resulting prejudice due to the alleged inefficiency. Strickland, 466 U.S. at 687-88.

The mere fact that certain pretrial motions were not made does not, by itself, indicate ineffective assistance of counsel. People of State of New York v. Torrence, 135 AD2d 1075 (4th Dep't 1987). Trial counsel's decision not to pursue a Mapp-Dunaway hearing was not unreasonable. As an initial matter, trial counsel's decision not to pursue a Mapp hearing to suppress evidence seized from petitioner upon arrest was well informed because no evidence was seized from Morgan's person upon his arrest. With respect to counsel's decision not to pursue a Dunaway hearing to contest probable cause for arrest as a grounds for invalidating his ensuing confession, Morgan has not demonstrated sufficient deficiency in representation nor resulting prejudice.

First, counsel did not perform unreasonably in choosing not to pursue the issue of probable cause. "Probable cause to arrest exists when an officer has knowledge of facts and circumstances sufficient to warrant a prudent man in believing that an offense is being or has

been committed." Beck v. Ohio, 379 U.S. 89, 91 (1964); see also United States v. Gaviria, 805 F.2d 1108, 1115 (2d Cir. 1986). Here, the detectives, aware that a cabdriver had been robbed and shot, canvassed the area and located a witness who identified Morgan and Lawrence as being involved with the cab robbery.[2] She was further able to pinpoint Morgan's location and provide a description of his clothing. Because the record illustrates that Eccelston spoke with detectives days before the arrest regarding Morgan's participation in the robbery (Wade/Huntley Hr'g 113-14) and because she was believed to be a witness to the offense (Trial 614:7), it was reasonable for police to rely on her February 4, 1997 statements to find probable cause to arrest Morgan. See Gaviria, 805 F.2d at 1115 ("a criminal participant or witness to a crime need *not* be shown to have been previously reliable before the authorities may rely on his statements) (internal citations removed).

In addition, trial counsel also chose to pursue a Wade/Huntley hearing to suppress defendant's statements based on *Miranda* violations and identification flaws. Although unsuccessful, trial counsel litigated this motion effectively. Thus, trial counsel's strategic choice to pursue certain pretrial motions over other weaker motions cannot be deemed ineffective. See United States v. Kirsh, 54 F.3d 1062, 1071 (1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance."). Morgan has not overcome the strong presumption of the reasonableness of trial counsel's representation.

Second, even if trial counsel's representation fell below an objective standard of reasonableness, Morgan was not prejudiced. Morgan must show that his attorney's failure to move for a Dunaway hearing prejudiced his defense such that there is a reasonable probability that the result of his trial would have been different. See Garcia v. Walsh, No. 08-4622-pr, 2009 U.S. App. LEXIS 21944, at *3 (2d Cir. Oct. 6, 2009); Massillon v. Conway, 574 F. Supp. 2d

---

[2] At trial, Eccelston testified that she flagged down a cab for Morgan and Lawrence. (Trial 572:16-17).

10

381, 399-400 (S.D.N.Y. 2006). "Where defense counsel's failure to litigate a *Fourth Amendment* claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his *Fourth Amendment* claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Massillon, 574 F. Supp. 2d at 394. Given the record, Morgan cannot establish that his Dunaway hearing would have been meritorious. Here, probable cause existed for defendant's arrest where a civilian witness familiar with Morgan directly linked Morgan to the crime. Although the witness had not seen the actual robbery and shooting of the cabdriver, her statement gave rise to probable cause to suspect defendant of complicity in the homicide. Because Morgan cannot demonstrate the merits of his *Fourth Amendment* claim, he cannot demonstrate a resulting prejudice from counsel's decision not to move for a Dunaway hearing. Thus, he necessarily cannot satisfy Strickland.

Further, trial counsel's choice not to cross-examine the People's witness regarding probable cause issues does not fall below a level of objective reasonableness, since the existence of probable cause was not for the jury nor did this case turn on the extent of the detectives' investigation. In sum, Morgan's claim for ineffective assistance of trial counsel does not warrant federal *habeas* relief.

### b. **Improper Joinder**

Morgan did not formally raise a claim for ineffective assistance of trial counsel based on failure to raise the issue of improper joinder in his amended petition. In an abundance of caution, however, this Court will address the issue.

11

In this instance, Morgan's claim of ineffective assistance of trial counsel – that trial counsel failed to make a pre-trial objection to the consolidation of his case with that of his co-defendant – is procedurally barred. He raised this claim for the first time in a motion to renew his motion to vacate his conviction. People v. Morgan, Def's. Mot. to Renew Mot. to Vacate J. of Conviction, Feb. 16, 2007. In an order dated September 27, 2007, the state court denied Morgan's motion in its entirety on two procedural grounds. First, the New York Supreme Court found petitioner failed to abide by New York's rules of procedure under CPLR § 2221, which requires a motion for leave to renew to be based on new *facts* relating to the prior claim. Instead, petitioner raised an entirely new basis for his claim, improper joinder, rather than new facts relating to his prior claims, failure to address issues of probable cause. CPLR § 2221. See also Brooklyn Welding Corp. v. Chin, 236 A.D.2d 392 (2d Dep't 1997) (finding renewal unavailable where a party moves on a different legal theory, essentially moving for reargument instead of renewal after a prior claim proved unsuccessful).

Second, the court held that because petitioner could have raised the improper joinder claim on his prior motion to vacate the judgment, even if his renewal motion was proper under the CPLR, the motion is still precluded from review under New York's rules of criminal procedure. CPL § 440.10(3)(c) ("[T]he court may deny a motion to vacate a judgment when [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so."). The claim therefore is "now procedurally barred because it could have been raised in [Morgan's] first § 440 motion but was not so raised." Dunham v. Travis, 313 F.3d 724, 728 (2d Cir. 2002); see also Burton v. Stinson, 162 Fed. Appx. 43, 44-45 (2d Cir. 2006). Because the state court found the federal claim is procedurally barred, petitioner "has defaulted his federal claim[] in state

court pursuant to an independent and adequate state procedural rule." Coleman v. Thomspon, 501 U.S. 722, 750 (1991). Federal *habeas* review of this claim is therefore barred. Id.

Because petitioner has demonstrated no cause for the default, no prejudice and no fundamental miscarriage of justice resulting from the court's failure to consider this claim, this Court may not review this claim.

Even if the claim were not barred, Morgan's claim would fail on the merits. He can meet neither claim of Strickland. He has shown no prejudice as a result of joinder. The defendants had separate juries decide their respective cases.

## V. Ineffective Assistance of Appellate Counsel

Morgan apparently intends to raise a claim for ineffective assistance of appellate counsel for failure to raise claims of ineffective trial counsel, the same claim raised in Morgan's *coram nobis* petition to the Appellate Division. Although the Court stayed the petition to permit him to exhaust this claim, for some reason, he did not include this claim in his amended petition. Once again, in an abundance of caution, this court will address the claim. Specifically, Morgan takes issue with appellate counsel's failure to raise the claim that trial counsel was ineffective for not requesting a *Dunaway* hearing to contest probable cause for defendant's arrest. This claim also has no merit.

The Appellate Division's decision rejecting Morgan's *coram nobis* petition was neither contrary to nor an unreasonable application of Federal law. It is well-settled that appellate counsel need not raise every non-frivolous issue urged by a defendant. Jones v. Barnes, 463 U.S. 745 (1983). Reasonable professional judgments of appellate attorneys regarding what issues to raise on appeal should not be second-guessed. See Tsirizotakis v. LeFevre, 736 F.2d 57, 65 (2d Cir. 1984). Appellate counsel filed a twenty-eight page brief on Morgan's behalf, containing a

detailed statement of facts and well-developed legal arguments which petitioner has continued to pursue in this *habeas* petition.

Here, given that petitioner's claim for ineffective assistance of trial counsel for failure to address probable cause issues is without merit as discussed above, appellate counsel's decision not to raise this meritless claim certainly does not render the representation ineffective under "prevailing professional norms." Strickland, 466 U.S. at 687-88. Further, because the underlying claim has no merit, no prejudice has resulted by appellate counsel's failure to raise this claim. Id.

## CONCLUSION

The petition for a writ of *habeas corpus* is denied. Since Morgan has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
      November 10, 2009

/S/
Carol Bagley Amon
United Stated District Judge

14